[Docket Nos. 10, 11]

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

| | |
|---|---|
| SUZANNE SHORTER, <br><br> Plaintiff, <br><br> v. <br><br> NJ DIVISION OF PENSION & BENEFITS, <br><br> Defendant. | Civil No. 22-02062 (RMB/AMD) <br><br> **OPINION** |

**BUMB**, Chief District Judge

Plaintiff Suzanne Shorter (**"Plaintiff"**), who is appearing *pro se*, moved for default judgment [Docket No. 10] against Defendant the New Jersey Division of Pension & Benefits (**"Defendant"**), which is represented in this matter by Deputy Attorney General Yi Zhu. In response, Defendant filed a Cross Motion to Dismiss Plaintiff's Complaint In Lieu of an Answer and to Vacate Any Default. [Docket No. 11.] For the reasons that follow, Plaintiff's motion will be **DENIED** and Defendant's motion will be **GRANTED**.

I. **Background**

On April 8, 2022, Plaintiff filed a complaint against Defendant in this Court. [Docket 1.] Since filing the Complaint, Plaintiff has filed several subsequent letters with miscellaneous requests and information regarding her claims. [Docket Nos. 4, 5, 7, 9.] Plaintiff alleges Defendant violated 42 U.S.C. § 1981 by denying her accidental disability retirement benefits after she was involved in a workplace

accident. [Docket 4, at 7-9.] More specifically, Plaintiff alleges that, in March of 2011, she was "severely injured on [the] job as a result of an approximately 6-foot fall where [she] sustained multiple injuries...[while] working at the Hopkins House Art Gallery in marketing." [Docket 4, at 3.] As a result of her injury, Plaintiff allegedly "struggled with the physical duties" and was "eventually suspended for complaining [of her injuries.]" [*Id.*]

Plaintiff alleges that on February 27, 2014, she applied for accidental disability retirement benefits, but her application was denied by the Board of Trustees of the Public Employees' Retirement System (**"Board"**) in mid-December 2014. [*Id.* at 3-4.] Plaintiff requested a hearing to appeal the Board's decision and appeared before Administrative Law Judge, the Honorable Dean Buono; however ALJ Buono affirmed the Board's decision. [*Id.*] ALJ Buono issued an initial decision finding Plaintiff not eligible for accidental disability retirement benefits. [*Id.*; *see also* docket 11-2, Ex. A.] In the decision, ALJ Buono gave the following explanation:

> [Plaintiff] was not totally and permanently disabled from the performance of her regular and assigned job duties; that she was not mentally or physically incapacitated from the performance of her usual or other duties that her employer was willing to offer; and that there was no evidence of direct causation of a total and permanent disability from the April 4, 2011, accident.

[Docket 11-2, Ex. A.] The Board adopted ALJ Buono's decision on July 20, 2018. [Docket No. 11, Ex. B.]

Plaintiff then appealed the final administrative decision to the New Jersey Superior Court, Appellate Division, where the appeal was denied and dismissed.

2

[Docket 11-2, Ex. C.] She then appealed to the New Jersey Supreme Court, where the appeal was again denied and dismissed. [Docket 11-2, Ex. D.]

Plaintiff now seeks remedy with this Court. Plaintiff's complaint sets forth a single cause of action arising under 42 U.S.C. § 1981. [Docket No. 1.] Plaintiff alleges the independent medical evaluator and ALJ Buono received an erroneous certification from Camden County during the agency proceedings stating that Plaintiff never suffered a workplace accident and such an accident is not on file. [Docket 4, at 4.] Furthermore, Plaintiff alleges that Dr. Lakin and ALJ Buono never received a description of Plaintiff's physical job duties. [*Id.* at 5.] Plaintiff alleges these errors "obfuscated [her] case to such a degree [that] ignor[ed] her due process and violating her civil rights." [*Id.*] As a result, Plaintiff requests this Court "correct the [state courts'] record with true factual findings," "investigat[e] on it[,]" "overturn [the Board's and the state courts'] decision[,]" "grant[] her accidental disability retirement" and "compensate the difference between early retirement that [she] was forced to take and accidental disability retirement." [*Id.*]

On July 1, 2022, Plaintiff filed a letter with the court, requesting that "a U.S. Marshall or someone specially appointed, serve this summons to the Defendants in accordance with the Federal Rules of Civil Procedure, Rule 4" because Plaintiff was "out [of] the state." [Docket 4, at 1.] On July 6, 2022, Plaintiff withdrew this request and instead served Sherri Sheehan, a pension benefit specialist with the New Jersey Division of Pension and Benefits, with the complaint and summons on July 11, 2022. [Docket Nos. 5, 6.]

3

On July 15, 2022, Plaintiff filed a letter with this Court, requesting to amend her complaint in order to add an additional cause of action, alleging violation of Due Process guaranteed by the 14th Amendment. [Docket 7.] On July 18, 2022, United States Magistrate Judge Ann Marie Donio issued an order dismissing Plaintiff's letter request, without prejudice, because Defendant had yet to respond to the Complaint. Thus, Judge Donio found that "Plaintiff may file an amended complaint without seeking leave of Court" pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). [Docket 8.] Nevertheless, Plaintiff never formally amended her complaint.

On September 16, 2022, Plaintiff moved for default judgment against the Defendant, alleging Defendant failed to timely respond to the complaint. [Docket 10.] In response, Defendant filed a cross motion to vacate the default, if any, and to dismiss the complaint, with prejudice, for lack of subject matter jurisdiction and failure to state a claim. [Docket 11.]

II.   **Legal Standard**

a.  **Default Judgment**

To prevail on her pending motion for default judgment, Plaintiff must satisfy each of the following requirements: "(1) the entry of a default pursuant to Federal Rule of Civil Procedure 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of the judgment and how it was calculated; and (6) an affidavit of non-military service in compliance with the Soldiers' and Sailors' Relief Act." *GE Healthcare Fin. Servs. v. New Brunswick*

4

*X-Ray Grp., PA*, 2007 U.S. Dist. LEXIS 208, at *9 (D.N.J. Jan. 3, 2007); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Entry of default by the clerk is a necessary prerequisite to default judgment.").

Also applicable is the following requirement under Federal Rule of Civil Procedure 4(j)(2), which provides that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. Pro. 4(j)(2). Accordingly, parties can fulfill service requirements by either issuing service in compliance with Federal Rule of Civil Procedure 4(j)(2)(A) or New Jersey state law. *See Thompson v. Dep't of Corr.*, 2019 U.S. Dist. LEXIS 85806, at *4-5 (D.N.J. May 22, 2019).

> The applicable law requires that service may be effectuated
>
> [u]pon the State of New Jersey, by registered, certified or ordinary mail of a copy of the summons and complaint or by personal delivery of a copy of the summons and complaint to the Attorney General or to the Attorney General's designee named in a writing filed with the Clerk of the Superior Court.

N.J. Ct. R. 4:4-4(a)(7). In order to fulfill requirements for default judgment, Plaintiff must demonstrate she properly served Defendant, a state government agency, in compliance with these rules.

5

### b. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) & 12(b)(6)

"A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim." *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1408 (3d Cir. 1991). In assessing a 12(b)(1) motion to dismiss, the court "must first ascertain whether it presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack does not dispute the facts alleged in the complaint but rather, whether there is jurisdiction on the face of the complaint. Where there is a facial attack on a claim, a district court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding a court may consider an undisputedly authentic document attached by defendant as an exhibit if plaintiff's claims are based upon the document).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must "accept as true all allegations in the complaint and all reasonable

6

inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); then citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); then citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original). Thus, "[a] motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).

Importantly, "[i]n considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Dickerson v. New Jersey Inst. of Tech.*, 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019) (citations omitted). This more liberal construction of *pro se* complaints does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint, 'however inartfully pleaded,' must

be held to 'less stringent standards than formal pleadings drafted by lawyers;' … but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'") (citations omitted); *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) ("[c]omplaints filed *pro se* are construed liberally, but even 'a *pro se* complaint must state a plausible claim for relief.'") (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

   III.  **Analysis**

   **a.  Plaintiff's Motion for Default Judgment**

First, the Court will consider whether to grant Plaintiff's Motion for Default Judgment [Docket No. 10], as governed by Federal Rule of Civil Procedure 55(b). Although entry of default judgment is within the broad discretion of the District Court, it is generally a less favorable approach than adjudicating the matter on the merits. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244-45 (3d Cir. 1951)).

As an initial matter, there was never an entry of default by the Clerk of Court in this case. Furthermore, the Court agrees with Defendant that Plaintiff improperly attempted service upon a pension benefit specialist with the Division of Pension & Benefits instead of properly serving either the chief executive officer of the division pursuant to F.R.C.P. 4(j)(2) or the New Jersey Attorney General or his designee as

prescribed under the applicable New Jersey Court Rule, 4:4-4(a)(7). [Docket No. 11, at 27.] Because Defendant lacked notice of the suit against them, they were unable to launch a timely defense. In conclusion, because Plaintiff failed to properly request an entry of default by the clerk and properly serve Defendant in this matter, she did not comply with the requirements to even apply for default judgment and her motion will be denied.

### b. Defendant's Motion to Dismiss Plaintiff's Complaint

In response to Plaintiff's Motion for Default Judgment, Defendant moved to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket 11, at 9-23.] The Court will consider the allegations contained in Plaintiff's complaint as well as the undisputed public records from Plaintiff's state court legal proceedings.

#### i. Dismissal of Plaintiff's Complaint Pursuant to Rule 12(b)(1)

Defendant first moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. [Docket 11, at 11-12.] First, Defendant argues that "the *Rooker-Feldman* doctrine bars the instant suit because Shorter is merely a state-court loser...inviting the district court to review and overturn the state court decisions." [*Id.* at 6-7.] Defendant also argues "the New Jersey state courts have exclusive jurisdiction over Shorter's challenge against the Board's final administrative decision surrounding her pension matters." [*Id.*] Here, Defendant

argues Plaintiff's claim lacks subject-matter jurisdiction not by disputing the underlying facts, but rather, that this Court lacks jurisdiction to hear the claim on its face. [Docket 11, at 12-13.]

Defendant convincingly argues that this court "lacks subject matter jurisdiction because the *Rooker-Feldman* doctrine bars Shorter's complaint." [Docket 11, at 14-17.] The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Supreme Court held federal district courts lack the appellate authority to "reverse or modify" a state court decision. *Id.* at 416.

Plaintiff's complaint is squarely barred by the *Rooker-Feldman* doctrine. First, Plaintiff lost in state court prior to bringing her claim in this Court on April 8, 2022. [Docket 1.] Plaintiff's claim for accidental disability retirement benefits was denied by ALJ Buono and the Board (both initially and upon reconsideration) and her appeal of the agency decision was denied by both the New Jersey Superior Court, Appellate Division and the New Jersey Supreme Court.

Second, Plaintiff expressly asks this Court to review and reject the state-court judgments, exceeding this Court's jurisdiction. Plaintiff complains of the injury caused by the state-court dismissal of her accidental disability retirement claim and requests that this Court, "correct the [state courts'] record with true factual findings",

10

"remove false inadmissible information," "investigat[e] on it," and "overturn decision [to] grant me [a]ccidental [d]isability [b]enefit." [Docket 4, at 9.] Plaintiff's request for this Court to exercise appellate jurisdiction over these state court claims, which have already been adjudicated, is plainly prohibited by the *Rooker-Feldman* doctrine. Furthermore, New Jersey state law has clearly defined the process for petitioners to appeal an unfavorable administrative Board decision to the state court appellate division, stating that the "... Board's final determination may be appealed to the Superior Court, Appellate Division." N.J.A.C. § 17:5-1.6. Thus, New Jersey State Courts have exclusive jurisdiction over Plaintiff's claim for benefits, and the state has firmly granted appellate authority over administrative decisions to the Appellate Division. *Infinity Broad. Corp. v. N.J. Meadowlands Comm'n*, 187 N.J. 212, 223-224 (2006). Notwithstanding the *Rooker-Feldman* doctrine, it would still be inappropriate for this Court to exercise appellate review over this state administrative decision, as any appeal ultimately lies with the New Jersey State Courts and the U.S. Supreme Court. Because this Court lacks subject-matter jurisdiction over Plaintiff's claim, Defendant's motion to dismiss pursuant to Rule 12(b)(1) will be granted with prejudice.

### ii. Dismissal of Plaintiff's Complaint Pursuant to Rule 12(b)(6)

Even if this Court had subject-matter jurisdiction over Plaintiff's claim, Defendant would prevail in their motion to dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Even construing

the complaint liberally, as required for a *pro se* plaintiff, Plaintiff has failed to comply with the Federal Rules of Civil Procedure and state a claim upon which relief may be granted.

Accepting all facts in the complaint as true, Plaintiff states no cause of action under which this Court would be entitled to grant relief. In *McGovern*, the Third Circuit affirmed the 12(b)(6) dismissal of a plaintiff's claim against a state defendant, rejecting a private right of action for under 42 U.S.C.S. § 1981. *McGovern v. City of Phila.*, 554 F.3d 114, 122 (3d Cir. 2009). Similarly, here, this Court must dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) because her only claim against Defendant, a state actor, arises under 42 U.S.C.S. § 1981. [Docket 1, at 1.] Because Plaintiff does not have a private right of action under this statute, she fails to state a claim upon which relief can be granted. *See McGovern v. City of Phila.*, 554 F.3d 114, 122 (3d Cir. 2009).

IV.     **CONCLUSION**

For the reasons stated above, the Court shall deny Plaintiff's Motion for Default Judgement and dismiss, with prejudice, Plaintiff's Complaint. [Docket No. 1.] Because Plaintiffs' administrative claims are barred by the *Rooker-Feldman* doctrine and must be adjudicated and appealed exclusively in state court, this Court lacks subject matter jurisdiction and must dismiss such claims pursuant to Rule 12(b)(1). Even if Plaintiff could successfully establish federal subject-matter jurisdiction, the Complaint also fails to state a claim upon which relief can be granted and must be dismissed under Rule 12(b)(6). An accompanying Order of today's date shall issue.

<u>April 6, 2023</u>  
Date

s/Renée Marie Bumb  
Renée Marie Bumb  
Chief District Judge

13